UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **JUDY WALKER,** | **CIVIL ACTION NO. 5:14-421-KKC** |
| Plaintiff, | |
| V. | **OPINION AND ORDER** |
| **KENTUCKY HOSPITAL, LLC d/b/a CLARK REGIONAL MEDICAL CENTER; BARBARA KINDER; DEIDRE BREADLEY; ASHLEY MOORE and AEGIS SCIENCES CORPORATION,** | |
| Defendants. | |

*** *** ***

This matter is before the Court on the Plaintiff's motion to remand (DE 16) this matter to Clark Circuit Court. The essential issue is whether the plaintiff's deposition testimony establishes as a matter of law that the three individual defendants did not inform any third parties of the reason she was terminated from her employment at Clark Regional Medical Center. It does not and, accordingly, the case will be remanded.

The plaintiff, Judy Walker, alleges that she worked for Clark Regional for 38 years as a licensed registered nurse. At the time she was fired, she was employed in the Emergency Medical Department. She alleges that, during the relevant time period, defendant Barbara Kinder was the Chief Nursing Officer, defendant Bradley was the Human Resources Officer, and defendant Ashley Moore was Interim Nursing Supervisor.

Walker alleges that, after a training session at the hospital, defendants Bradley and Moore escorted her to the Human Resources office where she was required to take a drug test. She alleges she was placed on leave immediately after taking the test and that, about

three weeks later, Bradley fired her. Walker alleges that her test was incorrectly analyzed by an employee of defendant Aegis Sciences Corporation.

Walker asserts four claims. She asserts a wrongful termination claim against her employer Clark Regional and against the individual defendants Bradley, Kinder, and Moore. She asserts defamation and false light claims against all of the defendants. She asserts a negligent supervision claim against defendants Kinder and Clark Regional.

All of the defendants except Aegis removed the action to this Court, asserting that this Court has diversity jurisdiction. Walker objects to removal on the basis that there is not *complete* diversity as is required for this Court's diversity jurisdiction.

"Diversity of citizenship. . . exists only when no plaintiff and no defendant are citizens of the same state." *Jerome–Duncan, Inc. v. Auto–By–Tel, LLC,* 176 F.3d 904, 907 (6th Cir.1999). There is no dispute that plaintiff Walker and defendants Kinder, Bradley, and Moore are all Kentucky citizens. But the defendants argue this Court should ignore the citizenship of these three defendants for purposes of determining this Court's diversity jurisdiction because they have been fraudulently joined.

When a defendant is "fraudulently joined," that defendant's citizenship is ignored for purposes of determining the Court's diversity jurisdiction. *See Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir.1999). The removing party has the burden of proving fraudulent joinder of a non-diverse defendant. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 948-949 (6th Cir. 1994). "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne*, 183 F.3d at 493. If there is a colorable basis for predicting that a plaintiff may recover against a non-diverse defendant, this Court must remand the action to state court. *Id*. The test is not whether the defendants were added to

defeat removal but "whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander*, 13 F.3d at 949 (citation and quotations omitted). All disputed questions of fact and all ambiguities in the controlling state law should be resolved in favor of the plaintiff. *Id*.

The individual defendants assert that Walker's wrongful termination and negligent supervision claims against them fail as a matter of law. The defendants also assert that the defamation and false light claims against them fail as a matter of law to the extent they are based on information provided to the Kentucky Board of Nursing and Kentucky Unemployment Commission because they are absolutely immune from liability for any such statements.

These claims may well fall as a matter of law. But, if so, and if these were the only claims asserted against the individual defendants, the removal would be untimely.

The federal removal statute requires that a notice of removal be filed within 30 days after the defendant receives the complaint or "other paper from which it may first be ascertained that the case is one which is or has become removable. . . ." 28 U.S.C. §§ 1446(b)(1), (3). Walker's complaint was filed December 2, 2013. If certain of Walker's claims fail as a matter of law without the need for any further factual development as the defendants argue, the defendants would have known this from their receipt of the complaint. The individual defendants filed answers between December 23, 2013 and December 26, 2013. They did not remove the case until nearly a year later, on November 13, 2014.

The defendants assert, however, that the removal is timely because they could not ascertain that Walker's false light and defamation claims had no reasonable basis until she was deposed on October 24, 2014. This is because Walker asserts that the individual

3

defendants informed not only the Kentucky Board of Nursing and the Kentucky Unemployment Commission about the reason for her termination but also certain other third parties for which there is no immunity.

For a defamation claim, publication is communication of the defamatory matter to "one other than the person defamed." David J. Leibson, 13 Ky. Prac. Tort Law § 15:3; *Toler v. Sud-Chemie, Inc.*, 2013-SC-000002-DG, 2014 WL 7238202, at *2, n.8 (Ky. Dec. 18, 2014). In her deposition, when asked if anyone told her they were aware of the reasons she was fired, Walker identified two Domino's Pizza employees – Danny and Sonya (or Deshonna) Bailey. Walker stated that the Baileys told her they had "heard that [she] had gotten fired for. . . misuse of drugs." (DE 1-30, Walker Dep. at 56-57.) Walker testified that she did not know who told the Baileys and that she was not aware of any other person who knew the reason for her termination from the hospital. (DE 1-30, Walker Dep. at 57.) She also testified that she was not aware that Kinder, Bradley, or Moore had told anyone about the reason she was fired. (DE 1-30, Walker Dep. at 58.)

For the fraudulent joinder analysis, "it is worth noting the limited nature of the Court's examination of the merits of the plaintiffs' claims against [defendants]. The question is not whether the plaintiffs will recover from [defendants]. Rather, it is whether the plaintiffs could recover from [defendants] under Kentucky law." *Winburn v. Liberty Mutual Insurance Co.*, 933 F.Supp. 664, 666 (E.D.Ky.1996). *See also Terry v. Jackson*, 19 Fed. App'x 377, 379–80 (6th Cir.2001).

It is certainly possible that the evidence will ultimately show the Domino's employees did not actually hear about why Walker was fired or that they heard the information but not because the individual defendants told anyone. But this requires an analysis of more evidence than is before this Court and a more extensive evidentiary analysis than this

4

Court should undertake in ruling on fraudulent joinder. The Court cannot find, based on Walker's deposition alone, that there is no colorable basis for her allegation that the three individual defendants caused the information regarding the drug test and the reason for her termination to be published to third parties.

For these reasons, Walker's motion to remand will be granted. Walker also moves for attorney's fees under 28 U.S.C. § 1447(c) which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* Here, the Court cannot say that the defendants' removal arguments were "objectively unreasonable." Accordingly, the Court will decline to exercise its discretion to award attorneys' fees and costs to Walker.

For all these reasons, the Court hereby ORDERS as follows:

1) Walker's motion to remand (DE 16) this matter to Clark Circuit Court is GRANTED and this matter is hereby REMANDED to Clark Circuit Court;

2) Walker's motion for attorney's fees (DE 16) is DENIED; and

3) this matter is hereby STRICKEN from the Court's active docket.

Dated February 3, 2015.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY